**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 03-CR-0102-001-HDC** |
| | ) | |
| **LEWIS McNACK,** | ) | **USM Number: 09325-062** |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion to modify or terminate restitution (Dkt. # 70).  In September 2003 defendant pleaded guilty to Count Three of a three-count indictment that charged bank robbery, in violation of 18 U.S.C. § 2113(a).  In January 2004 defendant was sentenced to 178 months imprisonment, ordered to pay a $100 special assessment and $3,000 fine, and further ordered to serve a three-year term of supervised release following release from imprisonment.  Defendant argues for total remission of the "restitution" order because 1) the stolen bank funds were fully recovered immediately following the robbery, 2) he has paid more than $2,400 in "restitution" and questions the disposition of said payments if the bank's losses were fully recovered, 3) appears to argue he has insufficient funds with which to make court-ordered payments, and 4) requests that recovery of restitution cease and payments previously made be refunded.

Restitution was not ordered in this case.  See Dkt. # 32, Judgment in a Criminal Case, p. 4. Further, the sentencing court never contemplated restitution, as the presentence report made clear the stolen funds were fully recovered and restitution was not a sentencing factor because the funds were held by the United States as evidence and would be returned to the victim bank following sentencing (see PSR, ¶¶ 12 and 75).  Defendant's request for remittance of the restitution order, the

cession of restitution payments, and return of previously made payments is erroneous, and therefore moot.

If defendant intended to move for remission of the fine, the Court is without jurisdiction to do so. District courts do not have inherent jurisdiction to modify a sentence at any time. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996) (holding that a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so). A criminal fine may be remitted or modified, but only at the request of the United States. Pursuant to 18 U.S.C. § 3573, upon petition of the government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice, remit all or a portion of the unpaid fine or assessment, defer payment to a date certain, or extend to a date certain an installment schedule previously ordered. It is clear that § 3573, amended pursuant to the Criminal Fine Improvements Act of 1987, effective December 11, 1987, provides that only the government may file a petition seeking to remit a defendant's fine. See United States v. Linker, 920 F.2d 1, 2 (7th Cir.1990); United States v. Gonzalez, 248 F.3d 1128 (1st Cir. 2000) (district court lacked jurisdiction to act on defendant's post-conviction request to remit fine). Even if defendant were to move for modification of the fine due to inability to pay, the Court, absent a motion from the United States, would not have authority to consider such motion.

**IT IS THEREFORE ORDERED** that defendant's motion to modify or terminate restitution (Dkt. # 70), is moot and therefore **denied**.

**IT IS SO ORDERED** this 22nd day of September, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT