# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 03-CR-0102-HDC[1] |
| LEWIS ELSWORTH MCNACK, | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Now before the Court are defendant's Motion Seeking Relief from Judgment Pursuant to Fed.R.Civ.60(b) (Dkt. # 72) and plaintiff's Motion to Dismiss or Transfer Successive § 2255 motion (Dkt. # 75). Defendant claims he is entitled to a reduction of his sentence based on the Supreme Court's decision in Chambers v. United States, 555 U.S. 122 (2009). The Court directed the government to respond to defendant's motion, and the government has filed a motion to dismiss defendant's motion as a second or successive motion under 28 U.S.C. § 2255.

Defendant was charged with three counts of bank robbery in violation of 18 U.S.C. § 2113. Dkt. # 7. Defendant pled guilty to one count of bank robbery pursuant to a plea agreement, and the parties stipulated that defendant was a career offender under the United States Sentencing Guidelines (USSG). Dkt. # 22, at 9. Defendant stipulated that he had four felony convictions for burglary and a felony conviction for escape and, if the sentencing judge were to reject the parties' stipulation as to defendant's status as a career offender, the stipulation provided that "this plea agreement will be null and void at the unilateral option of the United States." Id. A presentence

---

[1] The undersigned is handling this matter in her capacity as Chief Judge of the United States District Court for the Northern District of Oklahoma.

investigation report (PSR) was prepared and it was determined that defendant had five felony convictions for crimes of violence that qualified as predicate offenses for the career offender enhancement under USSG § 4B1.1. Defendant qualified as a career offender under § 4B1.1(a), because he had at least two felony convictions for crimes of violence and the offense to which he pled guilty, bank robbery, was also classified as a crime of violence. Pursuant to § 4B1.1(b), defendant's offense level was adjusted to 32 and his criminal history category was VI. Defendant received a three level reduction for acceptance of responsibility and, using a guideline level of 29 and criminal history category of VI, defendant's sentencing range was 151-188 months. The sentencing judge ordered defendant to serve 178 months imprisonment. Dkt. # 32, at 2.

Defendant challenged his sentence on direct appeal to the Tenth Circuit Court of Appeals. Defense counsel filed a brief citing Anders v. California, 386 U.S. 738 (1967), stating that there were no nonfrivolous issues that could be raised, and the Tenth Circuit affirmed defendant's sentence. Dkt. # 42. On July 13, 2006, defendant filed a motion to vacate, set aside, or correct sentence under § 2255 (Dkt. # 43), and the sentencing judge denied defendant's motion. Defendant requested a certificate of appealability from the Tenth Circuit, but the Tenth Circuit denied his request and dismissed his appeal. Dkt. # 67. Defendant requested authorization from the Tenth Circuit to file a second or successive § 2255 motion, and his request was denied. Dkt. # 69. The United States District Court for the Western District of Oklahoma also denied defendant's request for relief under 28 U.S.C. § 2241. McNack v. Ledezma, 2010 WL 3824113 (W.D. Okla. Sept. 28, 2010).

Defendant claims that he should be granted extraordinary relief under Fed. R. Civ. P. 60(b), because his felony escape conviction no longer constitutes a crime of violence under § 4B1.1 and

2

he should not have been sentenced as a career offender.[2] However, the Court must first determine if it has the authority to consider the merits of defendant's request for a reduction of his sentence. "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." Caravalho v. Pugh, 177 F.3d 1177 (10th Cir. 1999). A second or successive motion under § 2255 will be permitted in two situations only:

> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). This Court lacks jurisdiction to consider a second or successive § 2255 motion, because a defendant must request permission from the Tenth Circuit to file a second or successive § 2255 motion. See 28 U.S.C. § 2255(h); United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002). Defendant is clearly aware of the jurisdictional requirement for filing a second or successive § 2255, and he argues that these restrictions do not apply. Dkt. # 76, at 2-3. Although defendant cites Rule 60(b) as the basis for his motion, this has no bearing on whether the Court should treat defendant's motion as a second or successive § 2255 motion. United States v. Nelson, 465 F.3d 1145 (10th Cir. 2006) ("It is the relief sought, not [the] pleading's title, that determines

---

[2] In Chambers, the Supreme Court held that the crime of failing to report, or walkaway escape, under an Illinois statute did not constitute a violent felony for the purpose of the Armed Career Criminal Act, 18 U.S.C. § 924(e). Chambers, 555 U.S. at 692-93. The Supreme Court did not consider whether escape is categorically a crime of violence under § 4B1.1, although the definitions of "violent felony" and "crime of violence" have many similarities. In any event, the Fourth Circuit Court of Appeals has determined that a conviction under Georgia's escape statute, under which defendant was convicted, may constitute a crime of violence depending on the nature of the escape, and defendant has not shown that his escape conviction would automatically be excluded as a crime of violence for his status as a career offender. United States v. Clay, 627 F.3d 959, 969-70 (4th Cir. 2010).

whether the pleading is a § 2255 motion."); Torres, 282 F.3d at 1246 ("Indeed, to allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a pleading under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255."). In particular, Rule 60(b) may not be used to circumvent the procedural requirements for filing a second or successive § 2255 motion. United States v. Harrison, 382 Fed. Appx. 678, 680 (10th Cir. June 10, 2010).[3] "In analyzing whether Rule 60(b) arguments require authorization under § 2255(h), the first step is to determine whether the motion asserts non-merits Rule 60(b) arguments (which [the Tenth Circuit] has referred to as a 'true' 60(b) motion) or asserts merits-focused, second or successive claims." In re Lindsey, 582 F.3d 1173 (10th Cir. 2009).

Defendant is clearly asserting merits-focused arguments and his motion is not a true Rule 60(b) motion. Defendant plainly states that he is searching for a way to obtain a reduction of his sentence based on Chambers after several unsuccessful attempts to obtain judicial review on his claims. Defendant has been denied leave by the Tenth Circuit to pursue a second or successive § 2255 motion and the Western District of Oklahoma determined that defendant could not obtain the relief he seeks under § 2241. See Dkt. # 69; McNack, 2010 WL 3824113. Defendant renews the same claims in his alleged Rule 60(b) motion (Dkt. # 72) and his claims go the validity of his sentence. Thus, defendant's motion should be treated as a second or successive § 2255 motion.

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28

---

[3]  Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

U.S.C. § 1631], or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). There is no risk that a meritorious claim will be lost absent a transfer of defendant's motion to the Tenth Circuit, because defendant is properly classified as a career offender regardless of the treatment of his escape conviction. The PSR states that defendant committed at least five prior felonies that meet the definition of a crime of violence under USSG § 4B1.1. Even if defendant's escape conviction is not considered as a crime of violence, he would still qualify as a career offender because he would have at least two other prior felony convictions for crimes of violence.

**IT IS THEREFORE ORDERED** that defendant's Motion Seeking Relief from Judgment Pursuant to Fed.R.Civ.60(b) (Dkt. # 72) is **dismissed for lack of jurisdiction**, and plaintiff's Motion to Dismiss or Transfer Successive § 2255 motion (Dkt. # 75) is **granted**.

**DATED** this 18th day of July, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT